### PAULINA PICKET *v.* S. W. VANCE.

When interrogatories on facts and articles are annexed to a petition, and an exception is made to the vagueness of the petition, and sustained with leave to amend—*Held :* That the interrogatories not being pertinent to the issue, the defendant should not be compelled to answer them.

APPEAL from the District Court of the Parish of Caddo, *Creswell,* J. *Landrum & Williamson,* for plaintiff. *B. L. Hodge,* for defendant and appellant.

LAND, J. The late *James B. Gilmer* and the plaintiff, his wife, entered into an act of partition and settlement, of all their property, rights and credits, which was specially authorised by an Act of the Legislature, and the 19th Article thereof declares :

" That if hereafter any community property, or any property right, or claim acquired since the marriage, be discovered to exist, of any nature soever, and not herein recited, or specially disposed of hereinafter, whether the same be real, personal, movable or immovable, whether situated in this State or elsewhere, such property, right, claim or credit, when discovered, shall vest in, and become the individual, absolute and irrevocable property and rights of the said *Paulina Gil-*

*mer*, her heirs and assigns, forever, together with all the rents, revenues, issues, profits, &c., accrued since the date of the final agreement entered into by said *Gilmer and wife*, to wit, 4th of October last past," that is 1855.

The present action is founded on this article or stipulation in the act of settlement and partition against the defendant, the son-in-law of *Gilmer*, for the recovery of two specific sums, to wit, $115 and $550, alleged to have been acquired by *Gilmer* since his marriage with plaintiff, and to have been received by defendant. And also, for the further sum of fifty thousand dollars alleged to have been received by him at various other times, in collections and notes and other property belonging to plaintiff by virtue of said stipulation. The plaintiff concludes her petition by propounding interrogatories to the defendant.

The defendant excepted to the petition, upon the grounds that the allegations contained in it, were too vague, indefinite and uncertain, to be answered, except those relating to the two specific sums first mentioned, and which the petition charged to have been received from a certain named person.

The general allegation to which the exception applied, was in these words : " Petitioner further represents, that said *Samuel W. Vance*, who is familiar with the affairs of said *Gilmer*, about which your petitioner was not fully informed, has, at various other times, collected various sums of money which constituted property acquired since said marriage, and also has in his possession, notes and other property belonging to petitioner, by virtue of said settlement above mentioned, to the amount and value of fifty thousand dollars, all of which he refuses to deliver up, or account for, though amicably requested so to do."

The exception was sustained and the petition dismissed as to the demand for fifty thousand dollars.

The District Judge did not err.

Although great latitude is allowed in pleadings under our system of practice, yet the plaintiff is required to make, in his petition, a clear and concise statement of the object of his demand, as well as of the nature of his title, or *the cause of action on which it is founded.* C. P. Art. 172.

The cause of action alleged by plaintiff, is the collection of monies, and the receipt of notes and other property belonging to her by defendant. It cannot be said in such a case, that there is a clear and concise statement of the cause of action, when there is *no allegation of time, place or person, or of items making up the gross sum demanded.*

After the exception had been sustained, the plaintiff's counsel moved the court for an order on defendant, to answer the interrogatories on facts and articles propounded in the petition, to which defendant, by his counsel, objected, and the objection was sustained on the ground, "*that the exception to the vagueness of the petition had been sustained, with leave to amend.*" The Judge did not err.

After the exception had been sustained, the interrogatories *were not pertinent to any issue before the court*, and the answers of defendant would have been a vain and useless thing in the suit pending.

The defendant answered the petition, as to the two specific items claimed, and admitted that in the spring of 1856, *Gilmer* placed in his hands for collection, a note for $450, for loaned money, bearing eight per cent. interest from date ; and that he had received on it $115, but nothing more ; and alleged his willingness to account to plaintiff for the note and the money received, if she were entitled to the same, and that he had so notified her agent before the institution of this suit, but averred that the note and money received on it, belonged to *Gilmer*.

PICKET
*v.*
VANCE.

There was judgment for the money collected, and the note, and defendant appealed.

His learned counsel contends, in bar of this action, that the partition and settlement were intended as a *finality* between the parties, and to preclude a resort to the courts, for the ascertainment of their respective rights and obligations. This is certainly true, and the solemn acts which they executed, under the express authorization of the Legislature, are *final* and *conclusive upon their rights*, but this suit is not for the ascertainment of the rights of plaintiff, or the obligations of *Gilmer*, but for the recovery of money which the act of partition and settlement expressly declares belongs to plaintiff.

It is, therefore, decreed, that the judgment be affirmed, with costs.